LAURA E. ROSENBAUM, OSB No.110061
laura.rosenbaum@stoel.com
RYAN S. KUNKEL, OSB No.154671
ryan.kunkel@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAUREN HUBLER, | Case No.: 3:23-cv-01974-SB |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| v. | |
| NIKE, INC., | |
| Defendant. | |

In response to the allegations in Plaintiff Lauren Hubler's ("Plaintiff") First Amended

Complaint, Defendant Nike, Inc. ("Defendant" or "Nike") admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

1.      Nike admits the allegations in Paragraph 1.

2.      In response to Paragraph 2, Nike admits that Plaintiff filed a charge with the

Equal Employment Opportunity Commission and that the Commission issued a "right to sue"

letter dated September 12, 2022. Nike admits that it entered into a written tolling agreement with

Plaintiff, the terms of which speak for themselves.  Except as expressly admitted, Nike denies the allegations in Paragraph 2.

3.      Nike admits it has headquarters located in Beaverton, Oregon, and its fiscal year runs from June 1 to May 31.  Except as expressly admitted, Nike denies the allegations in Paragraph 3.

4.      Nike admits Plaintiff worked in Beaverton in Nike's Finance department.  Except as expressly admitted, Nike denies the allegations in Paragraph 4.

5.      Nike admits that members of its executive leadership currently include President & CEO, Presidents, and Executive Vice Presidents.  Nike admits that it also currently employs individuals in Vice President, Senior Director, and Director roles.  Nike further admits that the numbers Plaintiff provides are from the Nike's fiscal year ("FY") 2017 Sustainable Business Report, but they are taken out of context and irrelevant because they reflect the global employee population for that fiscal year. Except as expressly admitted, Nike denies the allegations in Paragraph 5.

6.      Nike admits that while Plaintiff was employed with Nike, non-Vice President roles aligned to V, A, L, U, E, and S "bands"; V was the lowest band level and S was the highest band level.  Except as expressly admitted, Nike denies the allegations in Paragraph 6.

7.      Nike denies the allegations in Paragraph 7.

8.      Nike admits that compensation for employees at Nike Headquarters may include salary and an annual target bonus, and some employees receive stock options, and the number of stock options awarded may increase in higher band levels.  Except as expressly admitted, Nike denies the allegations in Paragraph 8.

9.      Nike denies the allegations in Paragraph 9.

10.     Nike admits that Plaintiff represented to Nike that she has a bachelor's degree in accounting and economics from the University of Oregon, and that she at one time worked for Hollywood Video in internal auditing.  Nike admits that Plaintiff began working at Nike Headquarters in 2004.  Except as expressly admitted, Nike denies the allegations in Paragraph 10.

11.     Nike admits that in 2004, Plaintiff worked as an Audit Project Lead and in November 2006, she became an Accounting/Compliance Manager; both roles were U-band positions.  Nike further admits that in October 2008, Plaintiff became a Financial Manager, which was also a U-band role.  Except as expressly admitted, Nike denies the allegations in Paragraph 11.

12.     Nike admits that in July 2011, Plaintiff became Senior Manager, Sales & Operations, which was an E-band position; in July 2012, she became Nike Sportswear Finance Director; in January 2014, she became Director, Global Supply Chain, Finance; in November 2016, she became Finance Director for the Strategic Enterprise Capabilities project ("SEC"); in March 2020, she became Senior Director, SEC Finance; and in February 2021, Plaintiff resigned. Except as expressly admitted, Nike denies the allegations in Paragraph 12.

13.     Nike admits that in 2007, Nike provided Plaintiff an upward salary adjustment. Except as expressly admitted, Nike denies the allegations in Paragraph 13.

14.     Nike denies the allegations in Paragraph 14.

15.     Nike denies the allegations in Paragraph 15.

16.     Nike denies the allegations in Paragraph 16.

17.     Nike denies the allegations in Paragraph 17.

18.     Nike denies the allegations in Paragraph 18.

19.      Nike denies the allegations in Paragraph 19.

20.      Nike admits that PSP is based, in part, on an employee's eligible fiscal year earnings.  Nike further admits that during the relevant time period, employees in the E-band and higher band roles generally received stock awards as a component of overall compensation and that S-band roles generally received more stock awards than E-band roles.  Except as expressly admitted, Nike denies the allegations in Paragraph 20.

21.      Nike admits that its performance evaluation process for some employees at Nike Headquarters is known as Coaching for Excellence (CFE), and that one component of the CFE process is a year-end evaluation, which, during some time periods, included ratings of Exceptional, High Successful, Successful, Inconsistent, and Unsatisfactory.  Except as expressly admitted, Nike denies the allegations in Paragraph 21.

22.      Nike denies the allegations in Paragraph 22.

23.      Nike denies the allegations in Paragraph 23.

24.      Nike admits that Plaintiff received a "Successful" rating in FY 2019.  Except as expressly admitted, Nike denies the allegations in Paragraph 24.

25.      Nike admits that from FY 12 through FY 18, under a prior talent rating segmentation process, Plaintiff was ranked Mid-Performance/Mid-Potential.  Nike further admits that at various times during her employment with Nike, Plaintiff was nominated for, had the opportunity to participate in, or received certain awards, additional stock awards, or presentation or program opportunities, though Nike denies that these were related to each other or to her talent ratings. Except as expressly admitted, Nike denies the allegations in Paragraph 25.

26.    Nike admits that it has used appraisal metrics known as Leadership Potential Assessment and Talent Segmentation, the former of which had a nine-box scale while the latter uses four ratings.  Except as expressly admitted, Nike denies the allegations in Paragraph 26.

27.    Nike denies the allegations in Paragraph 27.

28.    Nike admits that Plaintiff took parental leave from around December 2014 to June 2015.  Except as expressly admitted, Nike denies the allegations in Paragraph 28.

29.    Nike lacks sufficient information to admit or deny the allegation as to what Plaintiff subjectively believed about her position being upgraded to a Senior Director, S-band role, and therefore denies the allegation.  Nike denies all other allegations in Paragraph 29.

30.    Nike denies the allegations in Paragraph 30.

31.    Nike denies the allegations in Paragraph 31.

32.    Nike admits that in 2018, Plaintiff expressed she was interested in the role of Finance Director Air MI, which was an E-band position, and that Plaintiff did not apply for the role.  Except as expressly admitted, Nike denies the allegations in Paragraph 32.

33.    Nike denies the allegations in Paragraph 33.

34.    Nike denies the allegations in Paragraph 34.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unlawful Discrimination – disparate impact – 42 U.S.C. § 2000e-2)

35.    Nike denies the allegations in Paragraph 35.

### SECOND CLAIM FOR RELIEF
(Unlawful Discrimination – disparate impact – 42 U.S.C. § 2000e-2)

36.    Nike denies the allegations in Paragraph 36.

## THIRD CLAIM FOR RELIEF
(Unlawful Discrimination – disparate impact – Or. Rev. Stat. § 659a.030(1)(b))

37.     Nike denies the allegations in Paragraph 37.

## FOURTH CLAIM FOR RELIEF
(Unlawful Discrimination – disparate impact – Or. Rev. Stat. § 659a.030(1)(b))

38.     Nike denies the allegations in Paragraph 38.

## FIFTH CLAIM FOR RELIEF
(Equal Pay Act Wage Discrimination – 29 U.S.C. § 206(d)(1))

39.     Nike denies the allegations in Paragraph 39.

Except as expressly and specifically admitted, Nike denies each and every allegation in Plaintiff's Amended Complaint and the whole thereof. Nike reserves the right to amend this Answer as new information is gathered during discovery in this case.

## AFFIRMATIVE DEFENSES

40.     Without assuming Plaintiff's burden of proof as to any claim or issue, Nike asserts the following affirmative defenses, incorporating and re-alleging the responses above, and specifically reserves its right to amend this Answer and raise additional affirmative defenses as the case proceeds:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

41.     Plaintiff's Amended Complaint fails to state ultimate facts sufficient to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE
(Good Faith Efforts; Not Willful)

42.     Any alleged damages, including punitive damages, are inappropriate or barred because Nike made good faith efforts to comply with applicable law.

### THIRD AFFIRMATIVE DEFENSE
**(Legitimate, Non-Discriminatory Reason)**

43.     The decisions made and actions taken of which Plaintiff complains were based

solely on legitimate, non-discriminatory, and non-retaliatory business considerations.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

44.     Plaintiff has failed to mitigate her alleged damages, if any, in whole or in part.

Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay

and benefits, or other earnings, remunerations, profits, and benefits received by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
**(Reasonable Care/Failure to Report)**

45.     Nike exercised reasonable care to prevent unlawful discrimination or retaliation in

the workplace.  Plaintiff unreasonably failed to take advantage of corrective opportunities

provided.

### SIXTH AFFIRMATIVE DEFENSE
**(Wage Based on Permitted Factors Other than Sex)**

46.     Plaintiff's Equal Pay Act claims are barred because any alleged differences in

compensation are based on (1) good faith factors unrelated to sex; (2) bona fide factors related to

the position in question; and the payments were made pursuant to (1) a seniority system; (2) a

merit system; (3) a system that measures earnings by quantity or quality of production, including

piece-meal work; (4) workplace location; (5) travel, when travel is necessary and regular for the

employees; (6) education; (7) training; (8) experience; and/or (9) a combination of these factors

which accounts for the entire compensation differential.  29 U.S.C. § 206(d).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

47.    Plaintiff's claims are barred in whole or in part by all applicable statutes of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**
(Failure to Exhaust Administrative Remedies)

48.    Plaintiff's claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  To the extent Plaintiff asserts or attempts to assert any claims other than those contained in her Charge of Discrimination filed with the EEOC and/or BOLI, for example, such claims are barred for failure to exhaust administrative remedies.

**PRAYER FOR RELIEF**

WHEREFORE, Nike prays for judgment as follows:

(a)    Dismissing all of Plaintiff's claims with prejudice;

(b)    Awarding Nike prevailing party fees and its costs, disbursements, and attorney fees in defending this action; and

(c)    For such other relief as deemed just and equitable.

DATED:  March 8, 2024.                    STOEL RIVES LLP

_____
      *s/ Ryan S. Kunkel*
LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
RYAN S. KUNKEL, OSB No. 154671
ryan.kunkel@stoel.com

Attorneys for Defendant